# EXHIBIT 1

Case 3:19-cv-01632-K   Document 1-2   Filed 07/08/19   Page 2 of 10   PageID 8

FILED
5/31/2019 3:48 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. CC-19-03247-C

| | | |
|---|---|---|
| DANIEL DIAZ-ALCARAZ, | § | IN THE COUNTY COURT |
| Plaintiff, | § § § | |
| v. | § | AT LAW NO._____ |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

DANIEL DIAZ-ALCARAZ, Plaintiff, complains of BANK OF AMERICA, N.A., Defendant, and for cause of action shows:

DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

PARTIES

2. Plaintiff, DANIEL DIAZ-ALCARAZ, an individual, is a resident of Dallas County, Texas. Identification verification details are as follows: Drivers License: xxxxx794 and Social Security Number: xxx-xx-x765.

3. Defendant BANK OF AMERICA, N.A. is a national association which may be served with process by serving its Registered Agent, CT Corporation System at the registered office located at 350 N. St. Paul, Suite 2900, Dallas, TX 75201.

JURISDICTION

4. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

VENUE

5. Venue is proper in Dallas County, Texas, as all or part of Plaintiff's cause of action arose here.

## DAMAGES

6. Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. TRCP 47(c)(1).

## FACTS

7. BANK OF AMERICA, N.A. (hereinafter referred to as "Defendant" or "BoA") is in the banking business in Texas and offers savings and credit card accounts to customers in the Dallas-Fort Worth area.

8. In 2018 Plaintiff held multiple accounts with Defendant, including savings accounts and credit cards, in which Plaintiff deposited and transferred significant funds.

9. In or about November of 2018, Plaintiff became aware of unauthorized transfers from his various accounts with Defendant. Immediately upon being made aware of the transfers, Plaintiff contacted Defendant and informed it of same.

10. Throughout November and December 2018 unauthorized transfers from Plaintiff's accounts continued to be made, without his knowledge, despite his previous notice(s) to Defendant. During this time Plaintiff and Defendant kept correspondence regarding the transfers.

11. Finally, in January 2019, two unauthorized withdrawals totaling in excess of $5,000.00 were made from Plaintiff's accounts with Defendant without his knowledge or consent, and Defendant has failed to reverse these charges and credit his account(s).

12. Thereafter, Plaintiff sent a written demand upon Defendant for the reversal of the remaining unauthorized charges. However, Defendant continues to refuse to reverse those charges.

## BREACH OF CONTRACT

13. Plaintiff incorporates by reference paragraphs 7 through 12 as if fully set forth herein.

14. Defendant is liable to Plaintiff for Breach of Contract. Defendant and Plaintiff entered into a valid agreement regarding the use of his savings and credit card accounts.

15. Plaintiff has performed his contractual obligations. Defendant has breached the contract by, without limitation, allowing unauthorized individuals to access and withdraw funds from the accounts and failing to reverse those charges/withdraws upon notification from Plaintiff that the charges were unauthorized.

16. All conditions precedent to Defendant's performance have occurred.

17. As a result of the breach of Defendant, Plaintiff has suffered damages which she seeks to recover in this action.

## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

18.   Plaintiff incorporates by reference the allegations contained in paragraphs 7 through 12 as if fully set forth herein.

19.   Plaintiff is a consumer who held personal bank accounts with Defendant from which electronic fund transfers/withdrawals were made.

20.   The transfers/withdrawals were made without Plaintiff's knowledge or permission.

21.   Plaintiff received no benefit from the transfers/withdrawals made from his account(s) with Defendant.

22.   Plaintiff timely notified Defendant of the transfers/withdrawals.

23.   Defendant violated 15 U.S.C. 1693 (electronic funds transfer act) when, despite receiving timely notice of the unauthorized withdrawals, Defendant failed and refused to return the funds to his account(s) and limit his liability for the transfers/withdrawals.

24.   The conduct of Defendant as described herein was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff has sustained damages as set forth herein.

25.   Thereafter, Plaintiff sent a written demand upon Defendant to limit his liability and return the unauthorized transfers/withdrawals to his account(s).

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT

26.   Plaintiff incorporates by reference the allegations contained in paragraphs 7 through 12 as if fully set forth herein.

27.   Plaintiff is a consumer.

28.   Defendant committed unconscionable conduct as stated herein, in violation of Texas Business & Commerce Code §17.50(a)(3).

29.   The breach of express and implied warranties by Defendant regarding authorized transfers as set forth herein violates provisions of Texas Business & Commerce Code §17.50(a)(2).

30.   Additionally, Defendant committed false misleading and deceptive acts and practices in violation of Texas Business & Commerce Code §17.46(b)(5), when it represented that it would remove the unauthorized transfers and/or limit his liability for the charges.  Plaintiff relied on these representations to his detriment.

31.     The conduct of Defendant as described herein was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff has sustained damages as set forth herein.

32.     Thereafter, Plaintiff sent a written demand upon Defendant in accordance with the Deceptive Trade Practices Act.  A true and correct copy of the April 30, 2019 correspondence sent to Defendant is attached hereto as Exhibit "A" and incorporated herein by this reference.

## INJUNCTIVE RELIEF

33.     Plaintiff incorporates by reference the allegations contained in paragraphs 7 through 12 as if fully set forth herein.

34.     Plaintiff is also entitled to injunctive relief to prevent future false reporting to credit bureaus by Defendant under the Texas Finance Code and Texas Business & Commerce Code.

35.     Plaintiff asks the Court to enter an order preventing Defendant in the future from reporting to credit bureaus information indicating that Plaintiff has an unsatisfied past due balance or that the balance has been charged off.

36      Plaintiff asks the Court to set his request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.

## ATTORNEYS FEES

37.     In addition to the above amount, Plaintiff is entitled to recover reasonable attorney fees as defined in conformity with § 38.001 Tex. Civ. Prac. & Rem. Code, the Texas Deceptive Trade Practices Act and 15 U.S.C. § 1693m(a)(3).

38.     Plaintiff is therefore entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

## PRAYER

For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a.  Actual damages and treble damages;

b.  Statutory damages;

c.  Prejudgment and postjudgment interest;

d.  Attorney fees;

e.  Court costs; and;

f.   All other relief to which Plaintiff is entitled.

        Respectfully Submitted,

        HAHN LAW FIRM, P.C.

        /s/ Derrick J. Hahn
        Derrick J. Hahn
        dhahn@hahnlawfirm.com
        State Bar No. 24026920
        Corey R. Herrick
        crherrick@hahnlawfirm.com
        State Bar No. 24059940
        900 Jackson Street; Suite 180
        Dallas, TX  75202
        (214) 744-3200
        (214) 744-3202 fax

        ATTORNEYS FOR PLAINTIFF

REQUESTS FOR DISCLOSURE

To Defendant BANK OF AMERICA, N.A.:

Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 and 194.4. These disclosures shall be served upon the Plaintiff's attorney at 900 Jackson Street, Suite 180, Dallas, Texas 75202.

Respectfully Submitted,

HAHN LAW FIRM, P.C.

/s/ Derrick J. Hahn
Derrick J. Hahn
dhahn@hahnlawfirm.com
State Bar No. 24026920
Corey R. Herrick
crherrick@hahnlawfirm.com
State Bar No. 24059940
900 Jackson Street; Suite 180
Dallas, TX  75202
(214) 744-3200
(214) 744-3202 fax

ATTORNEYS FOR PLAINTIFF

# HAHN LAW FIRM, P.C.

900 JACKSON STREET
SUITE 180
DALLAS, TEXAS 75202
TEL. (214) 744-3200 • FAX (214) 744-3202

<u>SENT VIA FIRST CLASS AND CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>
<u>#70182290000168745860</u>

April 30, 2019

Bank of America, N.A.
100 N. Tryon Street
Charlotte, NC 28255

RE:   *Alcaraz v. Bank of America, N.A.*

      Daniel Diaz-Alcaraz
      DOB: 02/09/83
      SSN: *** ** 5232
      Bank or America Accounts:   **** **** **** 6536
                                              **** **** **** 8616
                                              **** **** **** 9264

Dear Sir or Madam:

I represent Daniel Diaz-Alcaraz with regard to the above referenced matter. As you know, over the past year my client held multiple accounts with Bank of America, which included both savings and credit card accounts. As you are also aware, beginning in November 2018 my client's various accounts were accessed by an unauthorized user who made unauthorized fund transfers and withdrawals from his accounts. Additionally, many of these transactions are noted as "agent assisted payments" on your records, which you later explained to my client indicates that your employee(s) directly assisted someone in making these withdrawals and transfers.

After immediately advising you of these unauthorized withdrawals, my client executed all forms as requested and cooperated fully with your investigation. Although my client had no part in this fraudulent activity, you apparently continue to hold him responsible as several of his accounts still reflect this unauthorized activity. Additionally, instead of limiting his liability and reimbursing his accounts, you unilaterally closed several of his accounts and continue to refuse to reimburse him.

My client's finances have been and continue to be severely impacted by your wrongful actions. Not only has he incurred the loss of significant funds withdrawn from his account, the unauthorized transfers left him without funds to pay necessary bills and subsequent

Exhibit "A"

consequential damages, including travel. Indications are that you have acted in bad faith and in clear violation of the account agreement(s), the Electronic Funds Transfer Act (15 U.S.C. § 1693) and the Texas Deceptive Trade Practices Act. We hereby demand that you immediately credit my client's accounts for each of the unauthorized withdrawals and reimburse him for his damages and attorney fees, as noted below:

| | |
|---|---|
| Actual damages: | $ 5,485.00 (overpayment transfers) |
| Consequential damages: | $ 3,513.82 (travel) |
| | $ 2,554.99 (tax penalty) |
| Attorney's fees to date: | $ 5,145.00 |
| Treble damages: | $34,661.43 |
| Total: | $46,215.24 |

Furthermore, we are demanding that you send notice to the credit bureaus for removal of negative credit reporting made by you.

Finally, we are requesting the full detail of each unauthorized EFT from Mr. Alcaraz's accounts. Please provide this documentation within 30 days of this request.

Please be advised that should you fail to respond to this letter, we are prepared to file suit against you. In that event, we will also seek reimbursement for our losses as well as reasonable attorney fees as provided by § 38.001 Tex. Civ. Prac. & Rem. Code, the Texas Deceptive Trade Practices Act and 15 U.S.C. § 1693m(a)(3).

Sincerely,

Corey R. Herrick

cc:     Daniel Diaz-Alcaraz



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Bank of America, N.A.<br>100 N. Tryon Street<br>Charlotte NC 28202-2135 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4616 8323 5837 44 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7018 2290 0001 6874 5860 | | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | | Domestic Return Receipt |

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

LAW FIRM, P.C.
CKSON STREET; SUITE 180
S, TX 75202



7018 2290 0001 6874 5860



$4.00
US POSTAGE
FIRST-CLASS
FROM 75202
MAY 01 2019
stamps.com